595 A.2d 677

**JEANNETTE DISTRICT MEMORIAL HOSPITAL, Petitioner,**

v.

**DEPARTMENT OF HEALTH, Respondent.**

Commonwealth Court of Pennsylvania.

Argued April 29, 1991.

Decided July 12, 1991.

Barbara Blackmond, Pittsburgh, for petitioner.

William J. McCabe, Greensburg, for respondent, Surgicenter Associates.

Dawn S. Sunday, Asst. Counsel, for respondent, Dept. of Health.

Before COLINS and SMITH, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

Jeannette District Memorial Hospital (Hospital) appeals from a decision of the State Health Facility Hearing Board (Board) affirming the Department of Health's (Department's) approval of Surgicenter Associates' (Surgicenter's) application for a certificate of need (CON). We affirm.

The facts as found by the Board are as follows. On April 1, 1989, Surgicenter filed a CON application with the Department. Therein, Surgicenter proposed to develop and operate a freestanding ambulatory surgery center in Westmoreland County.

At a September 27, 1989 public hearing, both sides appeared with regard to the CON application. In response to Dr. Donald Brown's testimony in support of the application, the Hospital's representatives presented oral and written testimony in opposition to the proposed project. It based its objection on the excess of such facilities in the area and Surgicenter's failure to present itself as a less costly alternative to inpatient surgery.

In a January 26, 1990 letter, Surgicenter "modified its CON application to reduce the number of proposed operating rooms from four to three and to increase the projections of cases to 4,000 per year, stating that the original utilization figure was unnecessarily conservative." Finding of Fact No. 5.

On March 9, 1990, the Department approved Surgicenter's CON application on the basis of the proposed project's consistency with the State Health Plan (Plan), its financial and economic feasibility and its status as a less costly and effective alternative to inpatient surgery.[1]  The Hospital appealed.  The Board held a hearing on the Hospital's appeal of the Department's approval of Surgicenter's application on September 14, 1990.

In a December 5, 1990 order, the Board affirmed the Department's approval and dismissed the Hospital's appeal. The Board found that the Department's decision was supported by substantial evidence and that Surgicenter in its CON application had complied with all of the applicable laws.

There are two issues before us.  The first is whether the Board erred in finding the existence of substantial evidence to support the Department's conclusion that Surgicenter is a less costly and more effective alternative to inpatient surgery, since Surgicenter did not attempt to compare its proposed charges with any other ambulatory surgical competitors besides the Hospital.

The second issue is whether substantial evidence exists to support the Board's conclusion that "there would be cost savings for Surgicenter's services with the third party reimbursement taken into consideration."  Board's opinion

---

**1.**  According to Recommended Action 29.1.1.1(a), (b) and (c) of the Plan, even where a freestanding surgicenter is found to be unnecessary due to an oversupply of operating rooms in the region, the Department may approve such a center if one of three conditions exist.  They are as follows:

    a.  a sub-area shows a projected need for additional operating rooms based on the formula in item 4 (of the State Health Plan); or

    b.  the applicant's operating rooms are being used at full capacity (1,140 operations per year), and the resulting need justifies at least one full-time operating room; or

    c.  the proposed ambulatory surgery program represents a less costly and more effective alternative to inpatient surgery, and does not inappropriately increase the total community cost of health care.

Annual Amendments to the Pennsylvania State Health Plan 1982–87, June 1986, p. 19.  State Planning and Development Agency, Pennsylvania Department of Health.

at 10. We note that our scope of review is limited to determining whether the Commonwealth agency made an error of law or whether all necessary findings of fact are supported by substantial evidence. *Grandview Surgical Center, Inc. v. Holy Spirit Hospital of the Sisters of Christian Charity*, 111 Pa.Commonwealth Ct. 159, 533 A.2d 796 (1987), *petition for allowance of appeal denied*, 519 Pa. 662, 546 A.2d 623 (1988).[2]

■ With regard to the first issue, the Hospital argues that substantial evidence does not exist because Surgicenter compared its proposed charges with those of the Hospital only. Citing the *Grandview* case, the Hospital contends that the Department is required to take a regional approach when determining whether to grant a CON application and therefore must compare its charges to more than one other service provider.

In the *Grandview* case, we reviewed the Board's reversal of the Department's decision to grant a CON to Grandview Surgical Center, Inc. (Grandview) as an exception to the Plan. We reviewed it as an exception because the Department had not yet amended the Plan to reflect its policy of encouraging freestanding ambulatory surgical facilities. At the time Grandview applied for a CON, "neither the local HSA [Health Systems Agency] health services plan nor the State Health Plan distinguished hospital inpatient operating room capacity from ambulatory surgical capacity." *Grandview*, 111 Pa.Commonwealth Ct. at 161–2, 533 A.2d at 798. Thus, the Department issued CON Memorandum 85–15, which provided that the Department would review all ambulatory surgical proposals as exceptions to the Plan, pending amendment of the Plan.

In our analysis of *Grandview*, we noted that the Board erroneously emphasized the statistics from one hospital. Further, we stated that "the Department's statutory di-

2. In the *Grandview* case, we noted that "[s]ubstantial evidence has been defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.*, 111 Pa.Commonwealth Ct. at 174, 533 A.2d at 803.

rective to 'establish appropriate investment and utilization patterns in the Commonwealth,' Section 202 of the [Health Care Facilities] Act,[3] mandates a regional approach." *Id.*, 111 Pa.Commonwealth Ct. at 172, 533 A.2d at 802–3. Because we agreed with the Department's analysis comparing 1984 surgical statistics from six area hospitals, we reversed the Board's order and remanded the case to the Department with directions to issue a CON to Grandview.

The Department argues that *Grandview* is inapplicable here because (1) it involved outpatient surgery rates, information that hospitals now routinely supply to the Department; and (2) the Department approved the *Grandview* project pursuant to the Exceptions Review Clause of the Plan, not Recommended Action 29.1.1.1(c). We agree.

Under Recommended Action 29.1.1.1(c) of the Plan, referred to as the pending amendment of the Plan in *Grandview*, Surgicenter had to show that the project represented a less costly and more effective alternative to inpatient surgery, and would not inappropriately increase the total community cost of health care. This is different from the burden that Grandview had under the Exceptions Review Clause, which is no longer in effect because of the Plan's subsequent amendment.

According to that Clause, Grandview had to demonstrate that:

1. The proposed deviation from the criteria in the [State Health Plan] is indeed a rare and uncommon case, and

2. A genuine hardship ... exists or will exist in the community if the project is denied.

*Grandview*, 111 Pa.Commonwealth Ct. at 165, 533 A.2d at 799. Grandview's burden was more onerous than that of Surgicenter. Because of the different burden of proof in *Grandview*, we conclude that *Grandview* is not controlling.

We note that the Department provides for statewide goals with regard to ambulatory surgical facilities in 28

3. Act of July 19, 1979, P.L. 130, 35 P.S. § 448.202.

Pa.Code § 401.6(a)(3).[4]  That section provides as follows:

(a) *Statewide goals.*

. . . .

(3) Until 50% of total surgical procedures in an HSA region—or whatever alternative percentage is consistent with local health systems plans adopted by the Health Systems Agency and approved by the Statewide Health Coordinating Council are performed on an ambulatory basis, as indicated hereafter, no application for CDN [sic] approval of an ambulatory surgical facility or service shall be considered by the Department as in appropriately [sic] increasing total community health care costs, provided the project represents the least costly and most effective method of providing services and meets the guidelines set forth in this section.

■ Secondly, the Hospital contends that the Department erred in accepting Surgicenter's evidence of charges, costs and third-party reimbursement as proof that there would be a cost savings for its services.[5]  The Hospital notes that it presented evidence to support its objections with regard to the inaccuracy of Surgicenter's data, due to Surgicenter's failure to account properly for the realities of third-party reimbursement.  The Hospital cites Exhibit 24, its November 21, 1989 letter to Mr. John P. Wiercinski, Director of the Department's Bureau of Planning, in support of its position. The Department, however, found the Hospital's analysis to be unpersuasive.

The Department's reasons are contained in Finding of Fact No. 21, which reads as follows:

21.  The Department found JDMH's [the Hospital's] analysis of Blue Cross reimbursement to be unpersuasive because: (1) JDMH did not present charge information

---

4.  As noted in the *Grandview* case, these goals were initially published in 15 Pa.B. 1079 on March 23, 1985.

5.  The Department accepted Surgicenter's representation that Blue Cross reimbursed the Hospital at a rate of 59.8%—which figure was based on the Hospital's own data—and that Blue Cross would reimburse Surgicenter for 90% of its charges or costs, whichever were less.

for services provided at the hospital; (2) JDMH relied on Surgicenter's revenue data rather than charges as indicated in JDMH's own analysis; (3) the Surgicenter revenue information utilized by JDMH was later superseded by updated revenue data; and (4) JDMH relied upon Surgicenter's first year revenue and expense information, which included start-up expenses.

The Department found Attachment C to Exhibit 35, Surgicenter's chart outlining a financial analysis of charges, costs and third-party reimbursement rates for different types of surgery at both the Hospital and Surgicenter's proposed center, to be more persuasive than the Hospital's data.[6] In summary, the Department specifically found that "[b]ased on information submitted by the applicant, a consideration of payor mix and reimbursement shows a savings to the community. The applicant has demonstrated that the ambulatory surgery facility will provide for cost savings to the community." Exhibit No. 42 at 4.

Under Section 506(b) of the Act, 35 P.S. § 448.506(b), the General Assembly specifically requires the Board to give deference to the Department's expertise. Additionally, we have held that "[s]ubstantial evidence is not that which *compels* a certain result but that which a reasonable man may rely on, taking into account the administrative agency's expertise and considering all the evidence and reasonable inferences to be drawn therefrom." *Rehabilitation Center and Workshop, Inc. v. Commission on Charitable Organizations*, 45 Pa.Commonwealth Ct. 295, 300, 405 A.2d 980, 983 (1979) (emphasis in original).

Here, we cannot say that the Department erred in relying on Surgicenter's evidence and that the same did not constitute substantial evidence. The Department examined and

---

**6.** The Department reviewed Surgicenter's version of the Hospital's charges, Attachment A to Exhibit 35. The Hospital refused to verify those charges or to submit its own set, contending that it did not have the burden to prove that an applicant was not entitled to a CON. The Board stated that since the Hospital questioned the accuracy of the data, it had the obligation of substantiating its objections.

evaluated Surgicenter's evidence and found it to be persuasive.

Based on our conclusion that the Board properly found the existence of substantial evidence to support the necessary findings of fact, we affirm.

## ORDER

AND NOW, this 12th day of July, 1991, the order of the State Health Facility Hearing Board in the above-captioned matter is hereby affirmed.